Filed 5/23/16  P. v. Jordan CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICKEY JORDAN,<br><br>    Defendant and Appellant. | B266549<br><br>(Los Angeles County<br>Super. Ct. No.BA406624) |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy B. Reyes, Judge.  Affirmed.

Rickey Jordan, in pro. per.; and Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Ricky Jordan challenges the denial of his petition for resentencing under Proposition 47. We affirm.

## PROCEDURAL HISTORY

In January 2013, Jordan pleaded "no contest" (in an open plea to the court) to possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), resisting an executive officer (Pen. Code, § 69), and misdemeanor battery on a peace officer (*id*., § 243, subd. (b)). Jordan admitted he had suffered two prior serious or violent felony convictions within the meaning of the three strikes law (*id*., §§ 667, subds. (b)-(i), 1170.12) and had served a separate prison term for a felony (*id*., § 667.5, subd. (b)). The court subsequently imposed and stayed concurrent four-year terms in state prison on the two felony counts and placed Jordan on formal probation. In November 2013, the court found Jordan in violation of his probation and ordered him to serve the previously stayed, four-year prison sentence.

On July 1, 2015, Jordan petitioned under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18), to reduce his felony convictions to misdemeanors. On July 14, 2015, the court granted the petition to reduce the conviction for cocaine possession to a misdemeanor and resentenced Jordan to one year in county jail with credit for time served on that count. The court declined to reduce the conviction for resisting an executive officer and ordered the four-year prison term previously imposed for that offense to remain in effect.

On August 3, 2015, Jordan filed a "Petition for Modification of Sentence." In that petition, he argued that his sentence for resisting an executive officer "should be modified" and that the court should find that his "sentence/punishment has been served." The trial court denied the petition.

On August 27, 2015, Jordan timely filed a notice of appeal from the order denying his petition for modification (with attached "exhibits"). In his notice of appeal, Jordan asserts he is entitled to be released from prison because he has completed his sentence.

We construe his notice of appeal to be from the order denying in part his earlier petition for Proposition 47 relief.

2

## DISCUSSION

We appointed counsel to represent Jordan on appeal. After examining the record, counsel filed an opening brief that raised no issues. On January 4, 2016, we advised Jordan by mail that he had 30 days to submit any contentions or issues he wished us to consider. We did not receive a response, but we consider the argument and exhibits Jordan provided with his notice of appeal as his supplemental brief.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Among the offenses subject to reduction under Proposition 47 is section 11350 of the Health and Safety Code. (*Rivera, supra*, at p. 1091.) The trial court therefore properly reduced his conviction on that count to a misdemeanor. Jordan's conviction for resisting an executive officer, on the other hand, is not subject to reduction. The trial court thus correctly declined to reduce that conviction to a misdemeanor.

We have examined the entire record and are satisfied Jordan's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.


BLUMENFELD, J.[*]

We concur:


ZELON, Acting P. J.                    SEGAL, J.

_____

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3